MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE RETAIL GERMANY GMBH; and APPLE SALES INTERNATIONAL,<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for Use in Foreign Proceedings. | Case No.: **'12 CV 0147 LAB POR**<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

Apple[1] applies to the Court *ex parte*[2] for an order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain targeted discovery from Qualcomm Incorporated for use in foreign litigations. This application is supported by the memorandum of points and authorities

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc.; Apple Retail Germany GmbH; and Apple Sales International.

[2] Courts within this Circuit have authorized the *ex parte* filing of applications for discovery under 28 U.S.C. § 1782. *E.g., In re Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (Internal quotations and citations omitted).

| | | EX PARTE APPLICATION FOR<br>AN ORDER PURSUANT TO<br>28 U.S.C. § 1782 |
|---|---|---|

1  below and the Declaration of Christine Haskett, filed concurrently herewith. The proposed order

2  and subpoena are attached to this application as Exhibits A and B, respectively.

3  **I.    INTRODUCTION**

4        Motorola Mobility Inc. and Motorola, Inc. (collectively "Motorola") have filed

5  lawsuits against Apple in the United States and Germany.  These lawsuits allege Apple's

6  products infringe patents that Motorola has declared essential to practice various

7  telecommunications standards. Under 28 U.S.C. § 1782, interested parties, such as Apple, may

8  obtain discovery for use in foreign litigations from companies located within the United States.

9        In support of its defenses to the actions filed by Motorola against Apple in

10  Germany, Apple seeks narrowly-tailored discovery from its supplier of certain wireless

11  communication chips, Qualcomm Incorporated ("Qualcomm"). Specifically, Apple seeks

12  documents relating to whether Qualcomm had or has a license or is or was otherwise authorized

13  to practice some or all of the patents that have been asserted by Motorola against Apple.

14        Apple's application satisfies Section 1782's three statutory requirements. First, it

15  is in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Qualcomm's

16  headquarters are in San Diego, California. Second, Apple seeks the discovery "for use in a

17  proceeding in a foreign ... tribunal," *id.*, including the Higher District Court of Karlsruhe,

18  Germany and the District Courts of Mannheim and Dusseldorf, Germany. Third, Apple and its

19  foreign subsidiaries qualify as "interested persons" in those foreign proceedings. *See id.; Intel*

20  *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common

21  example of "interested persons").

22        Moreover, the factors identified by the Supreme Court to guide courts' discretion

23  in analyzing applications under Section 1782 all favor granting Apple's request. Qualcomm is

24  not a participant in the foreign proceedings, and Section 1782 provides an effective mechanism

25  for obtaining this targeted discovery across various cases. In addition, the foreign jurisdictions at

26  issue are receptive to the type of discovery sought by Apple, the discovery provides key

27

28

|  |  | EX PARTE APPLICATION FOR<br>AN ORDER PURSUANT TO<br>28 U.S.C. § 1782 |
|---|---|---|

information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.

Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit A, allowing Apple to serve the subpoena attached as Exhibit B.

## II.    FACTUAL BACKGROUND

Motorola has filed lawsuits against Apple in the United States, before the International Trade Commission, and in Germany. The functionalities accused by Motorola in many of these actions relate to the wireless communications chips within the iPhone and iPad, some of which are supplied by Qualcomm. (Decl. Haskett ¶ 12.) Motorola's German lawsuits are pending in Germany's Higher District Court of Karlsruhe, Mannheim District Court, and Dusseldorf District Court. (*Id.* ¶¶ 4-7 ).

## III.    ARGUMENT

### A.    Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-249. Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court "to grant a Section 1782 application where '(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the

| | | | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |
|---|---|---|---|

discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person." *In re Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *4 (N.D. Cal. Sept. 15, 2010) (quoting *In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1782 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

**B.      Apple's Application Meets the Section 1782 Requirements.**

Apple's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Qualcomm, "resides or is found" in this District. 28 U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. (Haskett Decl. Ex. 1 (excerpt of Qualcomm 2010 10K) at 1.)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing at least the defense of license, unfair competition, and/or antitrust defenses in patent infringement actions brought by Motorola in three foreign tribunals: the Mannheim District Court, the Dusseldorf District Court, and the Higher District Court of Karlsruhe.

As previous cases have recognized, these and related foreign adjudicative bodies qualify as "tribunals" for purposes of Section 1782. *See, e.g.*, *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009)

EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

(permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany").

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782"); *see Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011).

Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

## C. The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application.

In addition, the factors identified by the Supreme Court in *Intel* and later cases weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

### 1. Qualcomm Is Not a Party to the Foreign Proceedings.

The *Intel* Court first asked whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). Here, Qualcomm is not a party to the foreign litigations, and the material sought—licenses and communications in Qualcomm's possession—may not be within the foreign tribunal's jurisdictional reach. *See Heraeus Kulzer*, 633 F.3d at 597 (authorizing section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009 U.S. Dist. LEXIS 3416 at * 13 (holding that "petitioner need only show that the information" sought under section 1782 "will be useful").[3]

---

[3] Courts frequently grant Section 1782 discovery even from parties to foreign cases. *E.g., Heraeus Kulzer*, 633 F.3d at 596 (permitting Section 1782 discovery from opposing party in (continued…)

<table>
<tr><td></td><td></td><td>EX PARTE APPLICATION FOR<br>AN ORDER PURSUANT TO<br>28 U.S.C. § 1782</td></tr>
<tr><td></td><td>5</td><td></td></tr>
</table>

### 2. Apple Seeks Highly Relevant Information That Will Assist the Foreign Courts.

The *Intel* Court next counseled courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Motorola's allegations of patent infringement, discovery regarding potentially relevant license agreements would be critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Moreover, prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782. *E.g., Heraeus Kulzer*, 633 F.3d at 597; *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *8-9.

### 3. No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court may consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[4] Here, Apple is unaware of any

---

foreign suit and noting "[t]he importance of American-style discovery to [plaintiff/applicant's] ability to prove" its case); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *1-2, 15 (same); *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1113, 1118 (E.D. Wise. 2004) (granting Section 1782 request for discovery from entity involved in multiple foreign suits against applicant).

[4] *See also In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act.") (emphasis in original); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be—under French procedures—an unacceptable practice");

(continued…)

|  |  | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |
|---|---|---|

6

restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks

through Section 1782. To the contrary, as noted above, courts have routinely granted

applications under Section 1782 for evidence to be used in the foreign courts at issue here. *E.g.,*

*Heraeus Kulzer*, 633 F.3d at 597.

### 4.    Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden.

The *Intel* Court finally noted that "unduly intrusive or burdensome requests may

be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Apple's proposed discovery requests are

narrowly tailored and minimally burdensome. Apple is requesting document discovery on only

two topics, targeted to a small, discrete set of documents: intellectual property licenses between

Qualcomm and Motorola and communications regarding the licenses. The universe of

responsive documents is thus likely to be small and easily searchable, avoiding any undue

burden on Qualcomm.

### 5.    Granting Apple's Section 1782 Request Would Promote Efficient Discovery.

Courts have also considered other evidence bearing on whether the discovery

sought accomplishes the goals of the statute, which include "providing efficient means of

assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v.

LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Here, given the

multiple German cases between Apple and Motorola, Section 1782 provides an effective means

for obtaining the discovery sought by Apple. Rather than seeking the same discovery in each of

the foreign litigations, Apple can obtain the discovery with one application under Section 1782.

*Procter & Gamble*, 334 F. Supp. 2d at 1115 (observing that it would be inefficient to require

---

*Procter & Gamble*, 334 F. Supp. 2d at 1116 (holding that "to decline a § 1782(a) request based
on foreign nondiscoverability, a district court must conclude that the request would undermine a
specific policy of a foreign country or the United States").

1  party to patent infringement actions in Germany, Japan, the Netherlands, France and the United

2  Kingdom "to seek the same discovery" in each of them).

3                      *        *        *

4           Accordingly, the Intel factors strongly favor the Court exercising its discretion to

5  grant Apple's application. Indeed, courts in this Circuit have routinely permitted discovery

6  under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the

7  above factors weighed in favor of granting relief. *E.g.*, *In re Am. Petroleum Institute*, 11-80008-

8  JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Haskett Decl. Ex. 3); *In re Ecuador*, 2010 WL

9  3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL

10  3584520 (S.D. Cal. Sept. 10, 2010); *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010

11  U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*,

12  No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Haskett Decl. Ex. 4).

13  **IV.    CONCLUSION**

14           Apple seeks narrowly tailored discovery for use in several currently pending

15  foreign proceedings.   Because Apple's request satisfies the three statutory requirements of 28

16  U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Apple

17  respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing

18  the issuance of a subpoena in substantially the same form as Exhibit B.

19

20

21  Dated:  January 17, 2012                              _____/s/ Mark D. Selwyn_____

22                                                        MARK D. SELWYN (SBN 244180)
                                                          WILMER CUTLER PICKERING
23                                                        HALE AND DORR LLP

24

25

26

27

28

|  |  | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |
|  | 8 |  |

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
In re Ex Parte Application of APPLE INC.; APPLE RETAIL GERMANY GMBH; AND APPLE SALES INTERNATIONAL

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Selwyn (SBN 244180), Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304, Telephone: (650) 858-6000, Fax: (650) 858-6100

## DEFENDANTS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:        IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

'12 CV0147 LAB POR

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN  *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28:1331 yeb

Brief description of cause:
APPLICATION FOR LEAVE TO OBTAIN DISCOVERY

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
01/18/2012

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: 47 USC 553
                             Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.