UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC., APPLE RETAIL GERMANY GMBH; and APPLE SALES INTERNATIONAL<br><br>Applicants ,<br><br>v.<br><br>For an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for Use in Foreign Proceedings | Civil No. 12-cv-147-LAB (POR)<br><br>**ORDER DENYING EX PARTE MOTION TO QUASH 1782 SUBPOENA**<br><br>**[ECF NO. 3]** |

On January 27, 2012, Motorola Mobility, Inc., filed an Ex Parte Motion to Quash a Subpoena served by Apple, Inc. on Qualcomm, Inc. pursuant to the Court's Order Granting Apple's Ex Parte Application for an Order Pursuant to § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. (ECF No. 3.) On January 30, 2012, Apple filed an Opposition to the Motion to Quash. (ECF No. 4.) On February 1, 2012, Motorola filed a Reply. (ECF No. 8.) On February 1, 2012, District Judge Larry A. Burns referred the motion for disposition by Magistrate Judge Louisa S Porter. (ECF No. 7.)

Based upon a review of the parties' moving papers and relevant law, IT IS HEREBY ORDERED:

1. The Court hereby DENIES Motorola's Ex Parte Motion to Quash. The Court does not find Motorola's argument regarding confidentiality compelling, especially in light of Apple's willingness to enter into a confidentiality agreement with Motorola. The Court finds such an

agreement would appropriately remedy any potential concerns raised by Motorola.

2. Accordingly, prior to the production of documents by Qualcomm pursuant to Apple's subpoena, the parties shall enter into the following agreement, as set forth by Apple in their Opposition (ECF No 4, at 7, lines 12-19.):

    a. The parties' in-house counsel and other personnel shall not be permitted access to the documents in question;

    b. The parties shall take all reasonable precautions to prevent information submitted to the German courts from being made public, including stipulating and requesting the German courts to close the courtroom during those portions of hearings when confidential information is to be discussed; and

    c. Sensitive terms, such as royalty rates and specific financial terms may be redacted from documents.

3. Apple shall provide Qualcomm with a copy of this Order.

**IT IS SO ORDERED.**

DATED: February 2, 2012

_____
LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable Larry A. Burns
       all parties